UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No: 3:19-CR-00371-L |
| | § | |
| TERESA ONOFORE FRANCO (4) | § | |

## SENTENCING SCHEDULING ORDER

The following schedule applies to this case:

1.  If 18 U.S.C. §§ 3663-64 is applicable to this case, counsel for the government shall provide to the probation officer, no later than five days from the date of this order, all information necessary for the officer to comply with crime victim restitution requirements.

2.  The Presentence Report must be disclosed to the court, Defendant, Defendant's counsel, and the attorney for the government by **4:00 p.m., January 28, 2022**.

3.  Written objections to the Presentence Report, or a written statement adopting the findings of the Presentence Report must be delivered by the parties to the probation officer, to the court, and to each other by **4:00 p.m., February 11, 2022.**  Objections must identify the specific paragraph or part of the Presentence Report to which objection is made.

4.  If written objections to the Presentence Report have been timely made, the probation officer must disclose any revisions or addendum to the Presentence Report by **4:00 p.m., February 18, 2022**.

5.  Written objections to these revisions or addendum must be delivered to the court and the probation officer by **4:00 p.m., February 25, 2022**.

6.   Any exhibit that a party seeks to introduce must be properly marked, and copies of any such exhibit must be available to opposing counsel and the court.  The original shall be provided to the court reporter.  The court reporter will not mark exhibits for counsel, and the court will not permit the removal of attachments of one document to be used as exhibits during the course of a trial or other proceeding.  The exhibit or document must be submitted to the court at least **seven** days before the sentencing date.  If this procedure is not followed, the document will not be admitted into evidence.

7.   **Sentencing memorandum** and **all** motions for departure **must** be filed at least **fourteen** days before the sentencing date.  Unless there is agreement between the parties on the motion, no verbal motion for departure will be entertained at sentencing.  A party **must** file a written response to **any** opposed motion at least **seven** days, excluding holidays and weekends, before the applicable court setting.  If Defendant plans to request the court to impose a sentence outside the Guidelines range because of the sentencing factors pursuant to 18 U.S.C. § 3553(a), Defendant **must** file a **sealed** Memorandum for Non-Guideline Sentence and set forth argument and evidence that would support such a sentence at least **fourteen** days prior to the sentencing date.

8.   *Counsel must file a motion with the court if the court is to consider an adjustment for time served for Defendant.  This motion must be filed at least fourteen days before the applicable court setting.*

9.   **All motions for continuances must be filed no later than 5:00 p.m. seven days prior to the sentencing date**.  When matters are reset at the last minute, scarce judicial resources, which could have been used elsewhere, have already been expended.  It is totally unfair to the court and its staff to expend scarce judicial resources working on

these matters, only to have them continued at the last minute.  **Only matters which are true emergencies or those that could not have been reasonably anticipated will be grounds for a continuance.  For example, a motion for downward departure based on the possibility of substantial assistance to the government will not be considered a valid ground for continuance unless the movant can convince the court that filing of the motion could not have been reasonably anticipated prior to the deadline date.**

10. If, during the PSR investigation, it is determined that Texas Youth Commission ("TYC") records are needed, the court orders the TYC to release these records to the probation officer assigned to prepare the PSR, acting in the performance of the officer's official duties pursuant to Rule 32 of the Federal Rules of Criminal Procedure.  The specific records that are to be released include documents pertaining to Defendant's social history, court disposition records, substance abuse treatment records, psychological evaluations, other mental health treatment records, educational records, general health records, adjustment while incarcerated records, and release dates from the TYC.

11. The court will allow Defendant, Defendant's counsel, and no more than four other persons to speak on behalf of Defendant at sentencing.  *All letters of support on behalf of Defendant shall be submitted at least **seven days** prior to the sentencing date.  Absent special or exceptional circumstances, the court will not accept any letters of support after the deadline.*

12. ***Any person appearing in court must be properly attired.  It is counsel's duty to ensure that all persons appearing on behalf of or in connection with their client are appropriately attired and informed of this court rule.  The court does not permit T-shirts, shorts of any kind, flip-flops, halter or tank tops, jogging or exercise attire, or***

Sentencing Scheduling Order – Page 3

*sagging pants or jeans to be worn in the courtroom by any person.  No person appearing in the courtroom, whether participant or spectator, may chew gum.  Persons in violation of these rules will not be permitted in the courtroom.*

13.  **If any party expects to present testimony, such party must advise the court at least two weeks prior to the sentencing date and provide the court with a reasonable estimate of the amount of time that it will take to present such testimony.**

14.  Sentencing will take place on **Monday, May 16, 2022 at 1:30 p.m.**

It is so ordered this 2nd day of November, 2021.

Sam A. Lindsay
United States District Judge