```
1                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
2                          DALLAS DIVISION

3    UNITED STATES OF AMERICA      ) CAUSE NO. 3:19-CR-371-L (1)
                                   (
4    vs.                           )
                                   ( MAY 27, 2021
5                                  ) DALLAS, TEXAS
     PAULINO GOMEZ BETANCOURT      ( 9:00 A.M.
6    _____

7

8

9    _____

10                          REARRAIGNMENT

11

12          BEFORE THE HONORABLE REBECCA RUTHERFORD
                 UNITED STATES MAGISTRATE JUDGE

13   _____

14

15                   A P P E A R A N C E S

16

17        FOR THE GOVERNMENT:   UNITED STATES ATTORNEY'S OFFICE
                                1100 COMMERCE, 3RD FLOOR
18                              DALLAS, TEXAS  75242
                                (214) 659-8600
19                              BY:  MR. GEORGE LEAL

20        FOR THE DEFENDANT:    FEDERAL PUBLIC DEFENDER
                                525 GRIFFIN STREET, SUITE 629
21                              DALLAS, TEXAS  75202
                                (214) 767-2746
22                              BY:  MS. GABRIELLA VEGA

23   OFFICIAL COURT REPORTER:   SHAWN M. McROBERTS, RMR, CRR
                                100 E. HOUSTON STREET
24                              MARSHALL, TEXAS  75670
                                (903) 923-7464

25
```

1    THE COURT:  All right.  The next two cases on our

2    rearraignment docket are United States of America versus

3    Paulina Gomez Betancourt, Case 3:19-CR-371-L, Defendant No. 1.

4    MR. LEAL:  Good morning, Your Honor.  George Leal

5    for the United States.

6    MS. VEGA:  And Gabriella Vega for Mr. Betancourt.

7    Good morning, Your Honor.

8    THE COURT:  Good morning.

9    And also United States of America versus Didie Correa,

10    Case 3:19-CR-346-K, Defendant No. 4.

11    MR. LEAL:  George Leal for the United States.

12    THE COURT:  Thank you.

13    MR. POYNOR:  Kent Poynor for Mr. Correa.

14    THE COURT:  Thank you very much.

15    All right.  And Ms. Vega, I understand that Mr.

16    Betancourt needs a Spanish language interpreter.

17    MS. VEGA:  Yes, Your Honor, he does.

18    THE COURT:  Very well.  And we have one, and she's

19    already been sworn in.  She's helping us today.

20    All right.  Gentlemen, I'm going to put you under oath

21    and ask you some questions to make sure you understand the

22    rights you're giving up by pleading guilty and to establish

23    the factual basis for your plea.  If you would please raise

24    your right hand.

25    (Whereupon, the oath was administered by the Court.)

1          THE COURT:  All right.  And Mr. Betancourt?

2          THE INTERPRETER:  Your Honor, the Interpreter relied

3    on behalf of Mr. Betancourt.  Mr. Correa does not need an

4    interpreter.

5          THE COURT:  Thank you very much.

6      Do you mind, Margarita, if you would come a little closer

7    here so there's not as much sound with your voice next to

8    Mr. Correa?  Thank you.

9      All right.  Both of you are now under oath.  If you

10   answer any of my questions falsely, your statements could be

11   used against you and you could be prosecuted for perjury.

12     You have the right to be represented by an attorney

13   during this hearing, and if you need to ask your attorney a

14   question before you answer my questions, you should feel free

15   to do so.

16     Both Of you have the right to enter your guilty plea in

17   front of the district judge who will sentence you, but you can

18   agree to have a magistrate judge, which is the type of judge

19   that I am, conduct these guilty plea proceedings instead.  If

20   you agree to go forward today, at the end of the hearing you

21   will enter your plea of guilty and I'll make a recommendation

22   to the district judge to accept or reject your plea, but it's

23   the district judge who has the final authority to accept or

24   reject your plea, and it's the district judge who will decide

25   your sentence.

1        Mr. Betancourt, do you understand you have the right to

2   plead guilty in front of the district judge who will sentence

3   you?

4               DEFENDANT Betancourt:  Yes, Your Honor.

5               THE COURT:  And do you agree to waive that right and

6   proceed with a plea before a magistrate judge instead?

7               DEFENDANT BETANCOURT:  Yes, Your Honor.

8               THE COURT:  Thank you.

9        And Mr. Correa, do you understand you have the right to

10  plead guilty IN front of the district judge who will sentence

11  you?

12              DEFENDANT CORREA:  Yes, ma'am.

13              THE COURT:  And do you agree to waive that right and

14  proceed with your plea in front of me instead?

15              DEFENDANT CORREA:  Yes, Your Honor.

16              THE COURT:  Thank you.

17       I find both of you have knowingly and voluntarily

18  consented to a plea before a magistrate judge.

19       By pleading guilty, you'll be forfeiting certain

20  constitutional rights, and I want to go over those rights with

21  you now and make sure you understand them.

22       You have the right to plead not guilty to any offense

23  charged against you and to persist in that plea.

24       If you plead not guilty, the U.S. Constitution guarantees

25  you the right to a speedy and public trial by a jury in this

1    district.

2         You would be presumed innocent of the charges, and the

3    Government would have to prove your guilt beyond a reasonable

4    doubt.

5         You have the right to have the assistance of an attorney,

6    and one would be appointed for you if you could not afford to

7    hire an attorney.

8         At the trial you would have the right to see, hear, and

9    object to the Government's evidence and cross examine any

10   witnesses who testify against you, you would have the right to

11   present witnesses to testify in your defense, and you could

12   use the power of the court to compel the production of

13   evidence and the attendance of witnesses in your favor.

14        You could not be forced to give evidence against

15   yourself.  Whether you would testify would be your decision.

16   And if you decided not to testify, the jury would not hold

17   that against you.

18        If you plead guilty and the district judge accepts your

19   plea, there will not be a trial of any kind; so by pleading

20   guilty, you'll be giving up your right to a trial as well as

21   those other rights that go with the trial that I just reviewed

22   with you.

23        Mr. Correa, do you understand the rights you are giving

24   up by pleading guilty?

25             DEFENDANT CORREA:  Yes, ma'am.

1          THE COURT:  And Mr. Betancourt, do you understand

2    the rights you're giving up by pleading guilty?

3          DEFENDANT Betancourt:  Yes, Your Honor.

4          THE COURT:  Thank you.

5      A defendant who is accused of a crime cannot plead guilty

6    unless he is actually guilty of that crime.  If you plead

7    guilty, your plea must not be because of any threat or force

8    or coercion of any kind or because of any promises, other than

9    promises in a written plea agreement.  A plea of guilty must

10   be purely voluntary and you should plead guilty only because

11   you are guilty and for no other reason.

12      If you plead guilty and the district judge accepts your

13   plea, you'll be convicted of a federal crime.  As a result of

14   being convicted, you may lose certain civil rights, such as

15   the right to vote, to hold public office, to serve on a jury,

16   and the right to possess a firearm.

17      If you're not a citizen, your conviction could result in

18   your deportation or removal from the United States, and you

19   could be denied citizenship to the United States in the

20   future.

21      Mr. Correa, do you understand these consequences of

22   pleading guilty.

23          DEFENDANT CORREA:  Yes, ma'am.

24          THE COURT:  And Mr. Betancourt, do you understand

25   the consequences of pleading guilty?

1              DEFENDANT BETANCOURT:  Yes, Your Honor.

2              THE COURT:  Thank you.

3         In federal court it is the judge who decides a sentence.

4    The judge assigned to your case will determine your sentence

5    based on a combination of the United States Sentencing

6    Guidelines, possible authorized departures from those

7    Guidelines, and other statutory sentencing factors.

8         You and your attorney may have discussed how the

9    Guidelines will apply to your case, but the Guidelines are

10   only advisory--that is, the district judge has to consider

11   them but he's not required to follow them.  And because of

12   that, you can't rely on any assurances by anyone, including

13   your attorney, as to some exact sentence that you'll receive

14   because only the district judge can make that decision.

15        The district judge won't be able to determine what the

16   Guidelines provide as a range of sentences for your case until

17   after he reviews a presentence report prepared by a U.S.

18   Probation officer.  The Probation officer will interview you

19   and the Government about the facts of the case and make a

20   recommendation about the application of the Guidelines to your

21   case.  Your degree of cooperation with the Probation officer

22   could be a factor in the severity of your sentence.

23        You may have agreed to certain facts about your case in a

24   document entitled 'factual resume', and those stipulated facts

25   may provide the factual basis necessary to support your guilty

1   plea, but the presentence report may not contain all the same

2   facts, and may contain facts that are not in your factual

3   resume, including facts about your criminal history and the

4   circumstances of the offense that you're pleading guilty to.

5        You and the Government will have an opportunity to

6   challenge the facts reported in the presentence report and the

7   application of the Guidelines recommended by the Probation

8   officer.

9        After the judge determines what Guideline range is

10  appropriate based on the facts of your case, he has the

11  authority to impose a sentence that's above, below, or within

12  that range, as long as the sentence imposed is reasonable and

13  based on the facts and the law.

14       You have the right to appeal the sentence the judge

15  imposes, unless you waive those rights, and under some

16  circumstances the Government also has the right to appeal.

17       There is no parole in the federal system, so if you

18  sentenced to a term in prison, you will not be released on

19  parole.  You will be required to serve the entirety of any

20  incarceration imposed except for good time credit that you've

21  earned.

22       Mr. Correa, do you understand how sentencing works,

23  generally?

24            DEFENDANT CORREA:  Yes, ma'am.

25            THE COURT:  Go ahead and relax for a few minutes,

1   and I'm going to address Mr. Betancourt directly.

2       Mr. Betancourt, do you understand how sentencing works,

3   in general?

4               DEFENDANT BETANCOURT:  Yes, Your Honor.

5               THE COURT:  All right.  Thank you.

6       Now I want to talk specifically about your case,

7   Mr. Betancourt.

8       First, are you able to understand these proceedings as

9   they're being translated for you by our interpreter?

10              DEFENDANT BETANCOURT:  Yes.

11              THE COURT:  Thank you.

12      How old are you, sir?

13              DEFENDANT BETANCOURT:  Fifty years old.

14              THE COURT:  Where were you born?

15              DEFENDANT BETANCOURT:  In Mexico.

16              THE COURT:  Are you a citizen of the United States?

17              DEFENDANT BETANCOURT:  No.

18              THE COURT:  Did you talk with your attorney about

19  the effect of your guilty plea on your legal status?

20              DEFENDANT BETANCOURT:  Yes.

21              THE COURT:  And you want to plead guilty even though

22  you might be deported or removed from the United States at a

23  later date because of your conviction?

24              DEFENDANT BETANCOURT:  Yes, Your Honor.

25              THE COURT:  Have you had the written documents in

1    this case translated for you?

2                DEFENDANT BETANCOURT:  Yes.

3                THE COURT:  In the past six months have you been

4    under a doctor's care OR the care of a psychiatrist?

5                DEFENDANT BETANCOURT:  Of a doctor, yes; a

6    psychiatrist, no.

7                THE COURT:  All right.  Have you taken any medicine

8    in the past 24 hours?

9                DEFENDANT BETANCOURT:  Yes, last night I took

10   medication.

11               THE COURT:  Did you take that medicine -- was that

12   medicine prescribed for you by a doctor?

13               DEFENDANT BETANCOURT:  Yes.

14               THE COURT:  And did you take it according to the

15   doctor's instructions?

16               DEFENDANT BETANCOURT:  Yes.

17               THE COURT:  Is there anything about that medicine or

18   the condition that you took it for that makes you feel drowsy

19   or confused today?

20               DEFENDANT BETANCOURT:  I have pain in my back and in

21   my knees.

22               THE COURT:  All right.  Is there anything about that

23   pain that is interfering with your ability to understand what

24   we're doing today?

25               DEFENDANT BETANCOURT:  Not much because I take pills

1    every morning, but I haven't -- I can't be standing up for a

2    long time.  My waist hurts a lot and my knees.

3                    MS. VEGA:  Your Honor, if I may?

4                    THE COURT:  Yes.

5                            (Pause in proceedings.)

6                    MS. VEGA:  Your Honor, I wasn't aware that Mr. Gomez

7    Betancourt was in pain.  If the Court could accommodate if he

8    could remain on the bench seated.

9                    THE COURT:  Yes.  Would you feel more comfortable if

10   you were sitting?

11                   DEFENDANT BETANCOURT:  Yes.

12                   THE COURT:  All right.  Can we let him sit at the

13   bench, please?

14                   MS. VEGA:  Your Honor, would you like for me to

15   remain at the podium or to go stand alongside?

16                   THE COURT:  You can stand next to him.  That's

17   probably helpful.

18       Are you more comfortable seated, sir?

19                   DEFENDANT BETANCOURT:  Yes.

20                   THE COURT:  All right.  Then I want to make sure,

21   even given the pain in your back and your knee, do you feel

22   fit enough and mentally aware to proceed with your guilty plea

23   today?

24                   DEFENDANT BETANCOURT:  Yes.

25                   THE COURT:  Thank you.

1          You have Ms. Vega appearing as your attorney.  Have you

2    had enough time to talk with her about your case and whether

3    you should plead guilty?

4          DEFENDANT BETANCOURT:  Yes.

5          THE COURT:  Have you understood the information and

6    advice that she's given you?

7          DEFENDANT BETANCOURT:  Yes.

8          THE COURT:  Are you satisfied with her

9    representation?

10         DEFENDANT BETANCOURT:  Yes.

11         THE COURT:  Did you discuss with Ms. Vega how the

12   Guidelines might apply in your case?

13         DEFENDANT BETANCOURT:  Yes.

14         THE COURT:  All right.  And you understand that the

15   sentence that the district judge imposes might be different

16   from any estimate that Ms. Vega has given you?

17         DEFENDANT BETANCOURT:  Yes, Your Honor.

18         THE COURT:  Ms. Vega, do you believe your client is

19   competent to proceed and enter a plea of guilty?

20         MS. VEGA:  I do, yes, Your Honor.

21         THE COURT:  Do you believe his guilty plea will be

22   knowing and voluntary?

23         MS. VEGA:  I do, yes, Your Honor.

24         THE COURT:  Thank you.

25         Sir, did you receive a copy of the indictment containing

1    the charges against you?

2            DEFENDANT BETANCOURT:  Yes.

3            THE COURT:  Was it translated for you?

4            DEFENDANT BETANCOURT:  Yes.

5            THE COURT:  Did you review it with your attorney?

6            DEFENDANT BETANCOURT:  Yes.

7            THE COURT:  Count 3 of the indictment charges a

8    violation of 21 U.S.C. 846, 841(a)(1) and (b)(1)(C),

9    possession with intent to distribute a controlled substance.

10   Do you understand the charges against you?

11           DEFENDANT BETANCOURT:  Yes, Your Honor.

12           MS. VEGA:  Your Honor, my apologies.  Just to

13   correct the record, I believe Count 3 is not -- it does not

14   cite 846 because it's not a conspiracy count; it's just

15   possession with intent to distribute, so only 841(a)(1) and

16   841(b)(1)(C).

17           THE COURT:  All right.  Let me make sure.

18           MR. LEAL:  That's correct, Judge.

19           THE COURT:  Is that correct?

20           MR. LEAL:  Yes, Your Honor.

21           THE COURT:  And that's what's in the plea agreement?

22           MS. VEGA:  That should be what's in the plea

23   agreement.  I'm taking a look at it right now just to confirm.

24           MR. LEAL:  I'm looking at the factual, Judge, and it

25   has 841(a)(1) and (b)(1)(C), but not 846, and then the plea

1    agreement has the same thing, Your Honor.

2            THE COURT:  Okay.

3            MR. LEAL:  Mr. Correa's is 846, Your Honor.

4            THE COURT:  I just want to make sure I have

5    everything correct here.  Okay.  Thank you, Ms. Vega.

6        Mr. Betancourt, I want to make sure.  I misspoke.  Count

7    3, the count that you're pleading guilty to, only charges a

8    violation of 21 U.S.C. § 841 and (b)(1)(C), possession with

9    intent to distribute a controlled substance.  Do you

10    understand that is the charge?

11            DEFENDANT BETANCOURT:  Yes.

12            THE COURT:  Thank you.

13        I could have Mr. Leal read the entire indictment out loud

14    at this time, but you can also waive the reading of the

15    indictment.  Would you like to waive the reading of the

16    indictment?

17            DEFENDANT BETANCOURT:  I waive.  That's fine.

18            THE COURT:  Thank you.

19        All right.  Mr. Leal, will you please state just the

20    essential elements of the offense charged by Count 3 of the

21    indictment?

22            MR. LEAL:  Yes, Your Honor.

23        The elements are:

24        First, that the Defendant knowingly possessed a

25    controlled substance.

1          Second, that the substance was, in fact, a mixture or

2    substance containing a detectable amount of methamphetamine.

3          And third, that the Defendant possessed the substance

4    with the intent to distribute it.

5              THE COURT:  Do you understand each of those

6    essential elements charged by Count 3?

7              DEFENDANT BETANCOURT:  Yes.

8              THE COURT:  Do you admit that you committed each of

9    those elements?

10             DEFENDANT BETANCOURT:  Yes.

11             THE COURT:  There is a factual resume that was filed

12   in this case.  Do you remember signing the factual resume?

13             DEFENDANT BETANCOURT:  Yes.

14             THE COURT:  Was it translated for you?

15             DEFENDANT BETANCOURT:  Yes.

16             THE COURT:  And did you review it with your attorney

17   before you signed it?

18             DEFENDANT BETANCOURT:  Yes.

19             THE COURT:  Do you understand everything stated in

20   the factual resume?

21             DEFENDANT BETANCOURT:  Yes.

22             THE COURT:  Are the stipulated facts contained in

23   that document true and correct?

24             DEFENDANT BETANCOURT:  Yes.

25             THE COURT:   Ms. Vega, are you satisfied your client

1    understood the factual resume before he signed it?

2              MS. VEGA:  Yes, Your Honor, I am.

3              THE COURT:  And do you believe the Government could

4    produce admissible evidence that would permit a jury to find

5    beyond a reasonable doubt that he is guilty of Count 3?

6              MS. VEGA:  Yes, Your Honor.

7              THE COURT:  Then I find there is a proper factual

8    basis for the Defendant's plea.

9         Mr. Leal, would you please state the potential penalties

10   and consequences for conviction of Count 3?

11             MR. LEAL:  The minimum and maximum penalties the

12   Court can impose include:

13        Imprisonment for a period not to exceed 20 years.

14        A fine not to exceed $1 million, or twice any pecuniary

15   gain to the Defendant or loss to the victims.

16        A term of supervised release of not less than three

17   years, which is mandatory under the law and will follow any

18   term of imprisonment.  If the Defendant violates the

19   conditions of supervised release, the Defendant could be

20   imprisoned for the entire term of supervised release.

21        A mandatory special assessment of $100.

22        Restitution to victims or to the community, which may be

23   mandatory under the law and which the Defendant agrees may

24   include restitution arising from all relevant conduct, not

25   limited to that arising from the offense of conviction alone.

1          Costs of incarceration and supervision.

2          And forfeiture of property.

3              THE COURT:  Do you understand the penalties you face

4    for conviction of Count 3?

5              DEFENDANT BETANCOURT:  Yes.

6              THE COURT:  Ms. Vega, did you convey to your client

7    all formal plea offers by the Government?

8              MS. VEGA:  Yes, Your Honor.

9              THE COURT:  And did your client reach a plea

10   agreement with the Government?

11             MS. VEGA:  Yes, Your Honor.

12             THE COURT:  All right, sir.  Did you enter into a

13   written plea agreement with the Government?

14             THE INTERPRETER:  Your Honor, the Interpreter

15   respectfully requests that the Judge repeat the question.

16             THE COURT:  Sure.  I just wanted to know if

17   Mr. Betancourt entered into a written plea agreement with

18   the Government.

19             DEFENDANT BETANCOURT:  Yes.

20             THE COURT:  Was the written plea agreement

21   translated for you?

22             DEFENDANT BETANCOURT:  Yes.

23             THE COURT:  All right.  Did you review your plea

24   papers and discuss them with your attorney before you signed

25   them?

1          DEFENDANT BETANCOURT:  Yes.

2          THE COURT:  Do you understand the terms of your plea

3    agreement?

4          DEFENDANT BETANCOURT:  Yes.

5          THE COURT:  Did you voluntarily and of your own free

6    will enter into the plea agreement?

7          DEFENDANT BETANCOURT:  Yes.

8          THE COURT:  Do you want the Court to approve and

9    accept your plea agreement?

10          DEFENDANT BETANCOURT:  Yes.

11          THE COURT:  Your plea agreement provides that the

12    sentence in this case will be imposed by the district judge

13    after consideration of the advisory Sentencing Guidelines.

14    The actual sentence imposed is solely in his discretion, and

15    the judge could sentence you to the statutory maximum penalty,

16    if that is a reasonable sentence.

17      If the judge imposes a sentence that's greater than you

18    expect, you won't be able to withdraw your guilty plea based

19    solely on the fact that the sentence was greater than you

20    expected.

21      Also as part of the plea agreement, the Government has

22    agreed not to bring and to move to dismiss after sentencing

23    other charges against you based on the conduct related to your

24    guilty plea.  The district judge who sentences you can accept

25    or reject the plea agreement.  If he accepts the plea

 1    agreement, the agreed-upon disposition of any other pending

 2    charges will be included in the judgment.  If he rejects the

 3    plea agreement, you'll have the opportunity to withdraw your

 4    plea.

 5        You've also agreed to waive your right to appeal and

 6    otherwise challenge your conviction and sentence.  You've

 7    reserved only the right to bring a direct appeal of a sentence

 8    that exceeds the statutory maximum, arithmetic errors at

 9    sentencing, to challenge the voluntariness of your plea of

10    guilty, the waiver of your appellate rights, and to bring a

11    claim of ineffective assistance of counsel.

12        Did you discuss these rights and your waiver of them with

13    your attorney?

14            DEFENDANT BETANCOURT:  Yes.

15            THE COURT:  Are you voluntarily waiving your

16    appellate rights?

17            DEFENDANT BETANCOURT:  Yes.

18            THE COURT:  Ms. Vega, are you satisfied your client

19    understood his appellate rights and knowingly and voluntarily

20    waived them?

21            MS. VEGA:  Yes, Your Honor.

22            THE COURT:  Thank you.

23        Sir, has anyone threatened you or attempted to force you

24    to plead guilty in this case?

25            DEFENDANT BETANCOURT:  No.

1          THE COURT:  Other than the promises in your plea

2    agreement, has anyone promised you anything in exchange for a

3    guilty plea?

4          DEFENDANT BETANCOURT:  No.

5          THE COURT:  Are you pleading guilty because you

6    committed the offense charged in Count 3 of the indictment?

7          DEFENDANT BETANCOURT:  Yes.

8          THE COURT:  Is pleading guilty what you want to do?

9          DEFENDANT BETANCOURT:  Yes.

10          THE COURT:  Ms. Vega, do you know of any legal

11    reason why your client should not plead guilty?

12          MS. VEGA:  No, Your Honor.

13          THE COURT:  Thank you.

14      How do you plead to Count 3 of the indictment?

15          DEFENDANT BETANCOURT:  Guilty.

16          THE COURT:  The record will reflect your guilty

17    plea.

18      I'm going to recommend to the district judge that he

19    accept your plea of guilty and adjudge you guilty of the

20    offense charged by Count 3.  I find you're fully competent and

21    capable of entering an informed plea, and I find your plea of

22    guilty is knowing and voluntary and supported by an

23    independent basis in fact that contains each of the essential

24    elements charged by Count 3.

25      You're in custody and you'll be ordered to remain in

1    custody pending sentencing.

2         I'll prepare a written copy of my recommendation and file

3    that on the docket.  If you have any objections, you have to

4    file those within the next 14 days.

5         The district judge will enter a scheduling order setting

6    the deadline for the presentence report for September 3rd and

7    your sentencing hearing will be November 15th.

8         Do you have any questions about what we've done today?

9              DEFENDANT BETANCOURT:  No.

10             THE COURT:  Thank you.  Then we're adjourned with

11   respect to that case.

12        Counsel may be excused if they have no further business

13   today.

14                       (End of hearing.)

15

16

17

18

19

20

21

22

23

24

25

1          I HEREBY CERTIFY THAT THE FOREGOING IS A

2     CORRECT TRANSCRIPT FROM THE RECORD OF

3     PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4     I FURTHER CERTIFY THAT THE TRANSCRIPT FEES

5     FORMAT COMPLY WITH THOSE PRESCRIBED BY THE

6     COURT AND THE JUDICIAL CONFERENCE OF THE

7     UNITED STATES.

8

9     S/Shawn McRoberts            12/16/2021

10    _____DATE_____
      SHAWN McROBERTS, RMR, CRR
11    FEDERAL OFFICIAL COURT REPORTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25