# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 6 2024

CLERK, U.S. DISTRICT COURT
By AUC _____
Deputy

## MOTION UNDER 28 U.S.C. SECTION 2255,
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
## PERSON IN FEDERAL CUSTODY

UNITED STATES OF AMERICA

vs.

Paulino Gomez Betancourt
_____
MOVANT (full name of movant)

FCI Big Spring, 1900 Simler Ave. Big Spring, TX 79720
_____
PLACE OF CONFINEMENT

69241-065
_____
PRISONER ID NUMBER

3:19-CR-371-1
_____
CRIMINAL CASE NUMBER

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4. If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5. Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7. When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

Abilene Division
341 Pine St, Rm 2008
Abilene, TX 79601

Amarillo Division
205 SE 5th Ave, Rm 133
Amarillo, TX 79101

Dallas Division
1100 Commerce St, Rm 1452
Dallas, TX 75242

Fort Worth Division
501 W 10th St, Rm 310
Fort Worth, TX 76102

Lubbock Division
1205 Texas Ave, Rm 209
Lubbock, TX 79401

San Angelo Division
33 E Twohig Ave, Rm 202
San Angelo, TX 76903

Wichita Falls Division
501 W 10th St, Rm 310
Fort Worth, TX 76102

8. Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF TEXAS DALLAS DIVISION
1100 COMMERCE STREET, RM 1452
DALLAS, TX 75242

2. Date of the judgment of conviction:

NOVEMBER 15, 2021

3. Length of sentence:    240 Months

4. Nature of offense involved (all counts):

Possession with intent to distribute methamphetamine (Count 3 of the indicment)

5. (a) What was your plea? (Check one)

Not guilty ☐    Guilty ☑    Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
or indictment, what did you plead guilty to and what did you plead not guilty to?

Guilty to Count 3 Possession with intent to distribute methamphetamine

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge Only ☑

7. Did you testify at the trial? (Check one)    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction? (Check one)    Yes ☑    No ☐

9. If you did appeal, answer the following:

Name of Court:  Fifth Circuit Court of Appeals

Result:    Dismissed as Frivolous

Date of result:    September 12, 2022

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☑     No ☐

11. If your answer to 10 was "Yes" give the following information:

Name of Court:  Fifth Circuit Court of Appeals

Nature of proceeding:

Writ of Certiorari (attempted filing following conviction)

Grounds raised:

Post-conviction relief regarding alleged errors in plea process, ineffective assistance of counsel, due process violations, and sentence challenges.

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☑

Result:  Dismissed without review. The writ was not accepted because was not informed that it needed to be addressed to the U.S. Supreme Court.

Date of result:  October 27, 2022

As to any *second* petition, application or motion, give the same information:

Name of Court:  N/A

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

Result:

Date of result:

As to any *third* petition, application or motion, give the same information:

Name of Court: N/A

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

Result:

Date of result:

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☑ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☑ |
| Third petition, etc. | Yes ☐ | No ☑ |

If you did not <u>appeal</u> from the adverse action on any petition, application or motion, explain briefly why you did not:

No. I submitted a writ of certiorari, but the courts letter stated that it should've been addressed to the Supreme Court. However, I did not receive the letter due to the unreliable mail system at FCI Big Spring.

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

> **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right to appeal.

A.    Ground One:

Denial of Effective Assistance of Counsel  - Failure to Investigate Key Evidence

Supporting FACTS (tell your story briefly without citing cases or law):

A thourough investigation could have clarified my minimal role and possibly reduced my culpability under the sentencing guidelines; the failure prejudiced me by preventing the introduction of mitigating evidence. As shown in the Criminal Complaint, the investigation did not initially target me, and I was not involved in any drug activities. My attorney failed to investigate or raise this issue during my defense.
My attorney's failure to challenge the evidence against me constitutes ineffective assistance of counsel as this deprived me of a proper defense.

B.    Ground Two:

Conviction was obtained by a plea of guilty that was unlawfully induced, not made voluntarily, and entered without a full understanding of the nature of the charge and the consequences of the plea

Supporting FACTS (tell your story briefly without citing cases or law):

My initial attorney, Gabriela Vega, guaranteed I would receive a sentence of 10-12 years if I accepted the plea, and 30 years if I  went to trial. However, I received 20 years, showing I was misled regarding my sentencing exposure. This misinformation impacted my ability to make an informed decision. Counsel failed to explain the consequences, and the plea was entered without full understanding.

C.    Ground Three:

Denial of Effective Assistance of Counsel (Lack of Preparation and Failure to Provide an Adequate Defense Strategy, Resulting in Confusion and Misunderstanding of Plea Agreement Terms)

Supporting FACTS (tell your story briefly without citing cases or law):

Attorney Sherylynn A. Kime-Goodwin only met with me on the same day as my hearing. She did not explain my rights,

the consequences of the plea agreement, or provide an adequate defense strategy. During my hearing, I mistakenly agreed to two

different counts, demonstrating my confusion. My attorney failed to clarify the charges or ensure I understood.

D.    Ground Four: _____

Denial of Effective Assistance of Counsel (Failure to Challenge Sentencing Enhancements or Drug Quantity )

Supporting FACTS (tell your story briefly without citing cases or law): _____

I was approached by the agents while walking to the store and questioned regarding the other people in this case, simply because I had a single key to the home. The PSR attributed 169.1 kilograms of methamphetamine to me without concrete evidence linking me to that amount. I was not the owner nor responsible. My attorney did not object to the enhancements or present mitigating evidence, which led to a harsher sentence than justified by the facts. (Additional Grounds in Attachment)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

No, I did not previously raise these grounds. I attempted to file a writ of certiorari with the Fifth Circuit Court of Appeals, but I never received their correspondence stating that the writ should have been addressed to the Supreme Court of the United States. This delay was caused by the unreliable mail system at FCI Big Spring, where I am incarcerated. As a result, I was unable to file my appeal or raise these issues on time. I have been diligently pursuing my legal options, but these external factors prevented me from raising the grounds earlier.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐        No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____

Attorney: Gabriela Vega (Federal Public Defender)
Address:
Federal Public Defender
525 Griffin Street, Suite 629
Dallas, TX 75202

(b) At arraignment and plea:

Attorney: Sherylynn A. Kime-Goodwin (Federal Public Defender)
Address:
Federal Public Defender
525 Griffin Street, Suite 629
Dallas, TX 75202

(c) At trial:

There was no trial, as I entered a guilty plea.

(d) At sentencing:

Attorney: Sherylynn A. Kime-Goodwin (Federal Public Defender)
Address:
Federal Public Defender
525 Griffin Street, Suite 629
Dallas, TX 75202

(e) On appeal

Attorney: Adam Nicholson (Federal Public Defender)
Address:
Federal Public Defender
525 Griffin Street, Suite 629
Dallas, TX 75202

(f) In any post-conviction proceeding:

I am currently filing pro se

(g) On appeal from any adverse ruling in a post-conviction proceeding:

There has been no appeal from a post-conviction ruling as of now.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐   No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in the future:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐   No ☑

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Paulino Gomez B.*
Signature

N/A
Firm Name (if any)

1900 SIMLER AVE
Address

BIG SPRING TX 79720
City, State & Zip Code

N/A
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on   OCTOBER 26 2024   (date).

*Paulino Gomez B.*
Signature of Movant

**Extremely Urgent**

Visit U...

Apply...

press®

pedited®

Scan QR code to
schedule a pickup



**Domestic Shipments**
- To qualify for the letter rate, UPS...
  correspondence, urgent docum...
  8 oz. or less. UPS Express envelo...
  or weighing more than 8 oz. will...

**International Shipments**
- The UPS Express envelope may...
  value. Certian countries consid...
  ups.com/importexport to verif...

- To qualify for the letter rate, th...
  UPS express envelopes weighi...

**Note:** UPS Express envelopes a...
electronic media containing ser...
Do not send cash or cash equiva...

RECEIVED

NOV – 6

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MB



SHIP TO:
COURT CLERK
USDC NORTHERN DIST OF TEXAS DALLAS
ROOM 1452
1100 COMMERCE STREET
DALLAS TX 75242

PAULINO GOMEZ BETANCOURT
FCI BIG SPRING
1900 SIMLER DRIVE
BIG SPRING TX 79720

1.0 LBS LTR

1 OF 1

UPS NEXT DAY AIR
TRACKING #: 1Z K41 15Y 24 0662 6628

TX 752 9-40

1

BILLING: P/P
DIRECT DELIVERY ONLY
SIGNATURE REQUIRED

 

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

...out from the sale of
personal information, please see the UPS Privacy Notice at www.ups.com
010195101  9/20  PAC  United Parcel Service

80% Post-Consumer Content